FILED

UNITED STATES DISTRIC COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION 2016 DEC 19 PM 4: 33

CASE NO.:    MIDDLE DISTR...
ORLAN...

MEGAN FRIEND
and other similarly-situated individuals,

6:16-CV-2184-ORL-28-KRS

Plaintiff,

v.

PIE TWO SPEEDWAY. LLC
d/b/a PIE FIVE PIZZA CO
and JOHN RHODES, individually,

Defendants,

_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff MEGAN FRIEND and other similarly-situated

individuals, by and through the undersigned counsel, and hereby sues Defendants PIE

TWO SPEEDWAY, LLC, d/b/a PIE FIVE PIZZA CO, and JOHN RHODES, individually

and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages

   under the laws of the United States. This Court has jurisdiction pursuant to Title

   28 U.S.C. § 1337 and the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section

   216 for jurisdictional placement) ("the Act").

2. Plaintiff MEGAN FRIEND is a resident of Volusia County, Florida, within the

   jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes

   of the Act.



3.  Defendant PIE TWO SPEEDWAY, LLC, d/b/a PIE FIVE PIZZA CO, (hereinafter PIE FIVE PIZZA CO) is a Florida corporation, having place of business in Daytona Beach, Volusia County, Florida, where Plaintiff worked for Defendant. At all times, Defendant was and is engaged in interstate commerce.

4.  The individual Defendant PIE FIVE PIZZA CO was and is now, the general manager of PIE FIVE PIZZA CO. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5.  All the action raised in this complaint took place in Volusia County, Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6.  Defendant PIE FIVE PIZZA CO, is a chain of pizza restaurants located throughout the United States. Defendant PIE FIVE PIZZA CO has at least four restaurants located in Daytona Beach, Florida.

7.  Defendant PIE FIVE PIZZA CO employed Plaintiff MEGAN FRIEND from approximately August 20, 2015 to November 2, 2016. Plaintiff worked at the PIE FIVE PIZZA CO restaurant located at 1388 W. International Blvd., Daytona Beach, Florida 32114.

8.  Plaintiff was a non-exempt hourly employee, and her regular wage rate was $9.50 an hour; Plaintiff worked as a restaurant employee performing general restaurant work, and she performed also as a shift leader.

9.  During her time of employment with Defendants, Plaintiff worked a very irregular schedule; Plaintiff was paid for an average of 33 hours weekly.  However, Plaintiff

worked an average of 12 off-the clock hours, every week. Plaintiff was not able to take bona fide lunch breaks.

10. Every day, Plaintiff punched in and out according to her regular schedule. Nevertheless, Plaintiff and other similarly situated employees were forced to stay working after punching-out. Manager JOHN RHODES would call Plaintiff to perform work assignments after she finished her shift and clocked out.

11. Plaintiff worked at least 12 off-the clock hours in every week period that were not compensated at any rate, not even at the minimum wage rate. These off-the clock hours constitute unpaid regular and overtime hours. Defendants did not keep accurate track of hours worked by Plaintiff and other employees similarly situated. Plaintiff was not paid for regular and overtime hours at the rate of time and a half her regular rate, as established by law.

12. Plaintiff was paid bi-weekly with checks that reflected less than 40 hours, accompanied with paystubs that did not show the real number of hours worked.

13. Therefore, Plaintiff was not paid regular wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of FLSA provisions.

14. On or about November 2, 2016 Plaintiff was fired by Defendants using pre-textual reasons. Plaintiff states that she was fired due to discriminatory reasons.

15. Plaintiff seeks to recover regular wages and unpaid overtime wages for every off-the clock hour accumulated during her period of employment with Defendants, and any other relief as allowable by law.

16. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid for off-the clock hours, and were not paid regular and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

18. This action is brought by Plaintiff MEGAN FRIEND and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

19. Defendant PIE FIVE PIZZA CO was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business/pizza restaurant.  Defendant had more than two employees recurrently engaged in commerce or in the production of goods for

commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

20. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff had duties as a pizza maker and cashier, and through her daily activities, Plaintiff participated in interstate commerce by processing payments using credit cards. Additionally, Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

21. Defendant PIE FIVE PIZZA CO employed Plaintiff MEGAN FRIEND from approximately August 20, 2015 to November 2, 2016, or 63 weeks.

22. Plaintiff was a non-exempt hourly employee and her regular wage rate was $9.50 an hour. Her overtime rate should be $14.25.

23. During her time of employment with Defendants, Plaintiff worked a very irregular schedule; Plaintiff was paid for an average of 33 hours weekly. However, Plaintiff worked an average 45 hours every week. Plaintiff was not able to take bona fide lunch breaks.

24. Plaintiff punched in and out according to her schedule every day, nevertheless Plaintiff and other similarly situated employees were forced to stay working after

punching-out. Manager JOHN RHODES would call Plaintiff to perform work assignments after she finished her shift and clocked out.

25. Plaintiff worked at least 12 off-the clock hours in every week period that were not compensated at any rate, not even the minimum wage. Part of these off-the clock hours constitute unpaid overtime hours. Defendants did not keep accurate track of hours worked by Plaintiff and other employees similarly situated. Plaintiff was not paid for overtime hours at the rate of time and a half her regular rate, as established by law.

26. Plaintiff was paid with checks accompanied by paystubs that did not reflect the real number of hours worked.

27. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

28. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Calculations are based in a workweek of 33 hours, plus 12 off-the clock hours.

    a. <u>Total amount of alleged unpaid wages:</u>

        Four Thousand Four Hundred Eighty-Eight Dollars and 75/100 ($4,488.75)

    b. <u>Calculation of such wages:</u>

Relevant weeks of employment:  63 weeks
Total number of hours worked:  45 hours average weekly
Total number of overtime hours: 5
Regular rate: $9.50 x 1.5 = $14.25
O/T rate 14.25 an hour

$14.25 x 5 O/T hrs. = $71.25 weekly x 63 weeks = $4,488.75

Nature of wages (e.g. overtime or straight time):

This amount represents the unpaid of-the clock overtime hours.

29. At all times, the Employer/Defendant PIE FIVE PIZZA CO failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

30. Defendant PIE FIVE PIZZA CO knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

31. At the times mentioned, individual Defendant JOHN RHODES were and is now, the manager of PIE FIVE PIZZA CO.  Defendant JOHN RHODES was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of PIE FIVE PIZZA CO in relation to the

employees of PIE FIVE PIZZA CO, including Plaintiff and others similarly situated. Defendant JOHN RHODES had operational control of the businesses, provided Plaintiff with her work schedules, and is jointly liable for Plaintiff's damages.

32. Defendants PIE FIVE PIZZA CO, and JOHN RHODES willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States, and remain owing Plaintiff these overtime wages, as set forth above.

33. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MEGAN FRIEND and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants PIE FIVE PIZZA CO, and JOHN RHODES on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff MEGAN FRIEND actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff MEGAN FRIEND and those similarly-situated demand trial by jury of all issues

<u>COUNT II:</u>
<u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:</u>
<u>FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>

34. Plaintiff MEGAN FRIEND re-adopts each and every factual allegation as stated in paragraphs 1-16 of this complaint as if set out in full herein.

35. Defendant PIE FIVE PIZZA CO was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business/pizza restaurant. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

36. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff had duties as a pizza maker and cashier, and through her daily activities, Plaintiff participated in interstate commerce by processing payments using credit cards. Additionally, Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

37. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

38. Defendant PIE FIVE PIZZA CO employed Plaintiff MEGAN FRIEND from approximately August 20, 2015 to November 2, 2016, or 63 weeks.

39. Plaintiff was a non-exempt hourly employee and her regular wage rate was $9.50 an hour.

40. During her time of employment with Defendant, Plaintiff worked a very irregular schedule; Plaintiff was paid for an average of 33 hours weekly. However, Plaintiff worked an average of 12 off-the-clock hours, every week. Plaintiff was not able to take bona fide lunch breaks.

41. Plaintiff punched in and out according to her regular schedule every day, nevertheless Plaintiff and other similarly situated employees were forced to stay

working after punching-out. Manager JOHN RHODES would call Plaintiff to perform work assignments after she finished her shift and clocked out.

42. Plaintiff worked at least 12 off-the clock hours in every week period that were not compensated at any rate, not even the minimum wage. Part of these off-the clock hours constitute unpaid regular hours. Defendant did not keep accurate track of hours worked by Plaintiff and other employees similarly situated. There are a substantial number of hours that were not paid at any rate, not even the minimum wage rate.

43. Plaintiff was paid for an average of 33 hours weekly. There is a remaining of 7 regular hours that never were paid to Plaintiff at any rate, not even the Federal minimum wage as established by the Fair Labor Standards Act.

44. Plaintiff was paid with checks accompanied by paystubs that did not reflect the real number of hours worked.

45. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated employees.

46. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

47. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Calculations are based in a workweek of 33 hours, plus 12 off-the clock hours.

*Florida minimum wage is $8.05, which is higher than Federal minimum wage. As per FLSA regulations the higher minimum wage applies.

a.  Total amount of alleged unpaid wages:

   Three Thousand Five Hundred Fifty Dollars and 05/100 ($3,550.05)

b.  Calculation of such wages:

   Total relevant weeks of employment: 63 weeks
   Average of total hours worked weekly: 40 hours weekly
   Average of regular hour paid weekly hours paid weekly: 33 hours
   Total number of unpaid regular hours: 7 weekly

   Federal Minimum Wage 2016: $7.25       Florida Minimum Wage 2016 $8.05

   $8.05 x 7 hours= $56.35 weekly x 63 weeks =$3,550.05

c.  Nature of wages:

   This amount represents unpaid regular hours at Florida minimum wage rate.

48. Defendant PIE FIVE PIZZA CO unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover any unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

49. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

50. At the times mentioned, individual Defendant JOHN RHODES were and is now, the manager of PIE FIVE PIZZA CO.   Defendant JOHN RHODES was the

employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of PIE FIVE PIZZA CO in relation to the employees of PIE FIVE PIZZA CO, including Plaintiff and others similarly situated. Defendant JOHN RHODES had operational control of the businesses, provided Plaintiff with her work schedules, and is jointly liable for Plaintiff's damages.

51. Defendants PIE FIVE PIZZA CO and JOHN RHODES willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remains owing Plaintiff these minimum wages as set forth above.

52. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MEGAN FRIEND and others similarly situated employees respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants PIE FIVE PIZZA CO and JOHN RHODES, on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MEGAN FRIEND and those similarly-situated demand trial by jury of all issues

triable as of right by jury.

Dated:  December 15, 2016

Respectfully submitted,

By:  /s/
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*